USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1597 GEORGE E. KERSEY, Plaintiff, Appellant, v. UNITED STATES AIR FORCE, ET AL., Defendants, Appellees. ____________________Nos. 98-1598 98-1599 GEORGE E. KERSEY, Plaintiff, Appellant, v. SHEILA E. WIDNALL, ET AL., Defendants, Appellees APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] Before Selya, Stahl and Lynch, Circuit Judges.   George E. Kersey on brief pro se. Donald K. Stern, United States Attorney and Michael J.Pineault, Assistant U.S. Attorney on brief for appellees.December 10, 1998    Per Curiam. We have carefully reviewed the record in this case, including the briefs of the parties and the memorandum and order of the district court. We affirm the grant of summary judgment to defendants/appellees essentially for the reasons given by the district court in its memorandum and order, dated March 12, 1998. We add only the following brief comments. Even if we assume arguendo that defendants/appellees served their motion to dismiss one day late, Kersey has not alleged any prejudice from the delay. Thus, the district court was well within its discretion in considering the motion. SeeCoughlin v. Tailhook Ass'n Inc., 818 F. Supp. 1366, 1368 (D. Nev. 1993) (court will consider motion to dismiss since filing one day late did not prejudice plaintiff). We find no error in the decision by the EEOC to dismiss Kersey's complaint without having informed him beforehand of its reliance on the doctrine of constructive receipt. Moreover, since the Notice of Final Interview was delivered to the address Kersey provided and was received by an individual of suitable age and discretion, Kersey has not raised any issue which might rebut the presumption of constructive receipt. Consequently, he suffered no prejudice from any failure by the agency to inform him of its reliance on the doctrine prior to his final appeal. Finally, Kersey has not alleged any facts which show that the actions which form the basis of his complaint were performed by his supervisors outside of the scope of their employment. Hence, no cause of action exists against them in their individual capacities. Affirmed. See 1st Cir. Loc. R. 27.1.